[Crim. No. 2817. Second Appellate District, Division Two.—January 15, 1936.]

THE PEOPLE, Respondent, v. HAROLD FISHER, Appellant.

J. Harvey Hearn for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was convicted of the crime of issuing checks without sufficient funds, having the intent to defraud under section 476a of the Penal Code. The allegation of the information was that the defendant with intent to cheat and defraud Dan O'Neill and Security-First National Bank drew the check upon the Security-First National Bank. The appeal is from a judgment of conviction and from the order denying a new trial.

■ The first and primary contention of the defendant is that there is an entire absence of any evidence of intent to defraud O'Neill or the bank as alleged in the information. In this behalf the defendant contends that the evidence shows that O'Neill was a cashier with the Title Insurance and Trust Company; that the dealings of the defendant with

O'Neill were in O'Neill's capacity as cashier and that if the defendant had any intention to defraud any person or corporation, it was the title company, and that the moneys obtained were the moneys of the title company. Under the circumstances in evidence any one of the three might have suffered the loss. The mere fact that there was evidence to indicate that the bank and O'Neill suffered no loss and that the title company assumed the loss does not wash out the substantial evidence of the defendant's intention to take advantage of and to defraud O'Neill and the bank.

▮ The defendant next complains of the refusal of the court to give several instructions requested by him. We find upon examination of the record, however, that the court committed no reversible error in refusing to give the defendant's instructions. The instructions which were refused were either fully covered elsewhere or they were argumentative and likely to confuse the jury as to the real issue of intent, or were actually erroneous. Defendant's contentions with regard to the instructions have been heretofore determined over and over again by this court and it would serve no useful purpose to discuss them in detail again.

▮ Finally, the defendant contends that the court erred in its rulings as to the admission or rejection of evidence. We have examined all of these rulings and find that no prejudicial error was committed by the trial court.

Judgment and order affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1936.